1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HOMER E. HAWKINS,                                No. C 03-2360 SI (pr)

       Plaintiff,                            **ORDER OF DISMISSAL WITH LEAVE
                                                 TO AMEND**

    v.

MARIN SHERIFF; et al.,

       Defendants.
_____/

**INTRODUCTION**

Homer E. Hawkins, currently in custody at the San Mateo County Jail, filed this  pro se civil rights action under 42 U.S.C. § 1983 in 2003, concerning events in 2002 and 2003 while he was in custody at the Marin County Jail.   After determining that Hawkins had three prior qualifying dismissals and could not proceed in forma pauperis, the court dismissed the action without prejudice to Hawkins filing an action for which he paid the full filing fee at the time he filed his complaint.   Hawkins appealed.   The Ninth Circuit reversed the dismissal because the court had counted as a prior dismissal the dismissal of a habeas action filed by Hawkins which was not allowed under Andrews v. King, 398 F.3d 1113 (9th Cir. 2005), a case decided more than a year after this court's dismissal order was issued.   The case file was returned from the Ninth Circuit last week, and it is now time to resume the case where it stopped, i.e., at the initial review stage. The complaint is now before the court for initial review under 28 U.S.C. § 1915A.

**BACKGROUND**

United States District Court
For the Northern District of California

1   Hawkins' complaint in this action was very poorly written.  He listed the primary defendant

2   as "don't know"  and the additional defendants as "none," although on the cover page he listed the

3   defendants as the Marin Sheriff, chief of police, jail commander, and "the officer's employees".

4   See Complaint, pp. 1, 3.  Hawkins alleged in his complaint that a county officer was "doing thing's"

5   and a "count officer threaten to do more because I have been fileing  'grievances.'"  Complaint, p.

6   3 (spelling and grammatical errors in source).  Hawkins further alleged that he had filed numerous

7   grievances about his legal materials being opened, thrown around his cell and disappearing.

8   Hawkins further alleged that he had been threatened that the problems would continue if he did not

9   stop writing grievances.  He further alleged that his mail (that might have been legal mail) was

10  returned because he was indigent.  He requested this court to order officials at the jail to stop

11  violating his rights.

12   A few weeks after he filed his complaint, Hawkins filed a document entitled "Affidavit in

13  support of motion to proceed in forma pauperis and for appointment of counsel/attorney: to amend

14  (civil action/lawsuit): an order compelling discovery: request for production of documents."

15  (Docket # 4.)  The "affidavit" appears to be, among other things, an attempt to add new defendants

16  to the action and add claims for violation of privacy rights and the attorney/client privilege based

17  on monitoring of conversations between attorneys and clients, although it is not pled that Hawkins

18  ever was subjected to any such monitoring.

19

20   **DISCUSSION**

21  A.   Review Of Complaint

22   A federal court must engage in a preliminary screening of any case in which a prisoner

23  seeks redress from a governmental entity or officer or employee of a governmental entity.   See

24  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss

25  any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,

26  or seek monetary relief from a defendant who is immune from such relief.   See id. at

27  1915A(b)(1),(2).  Pro se pleadings must be liberally construed.   See Balistreri v. Pacifica Police

28

2

1  Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

2        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a

3  right secured by the Constitution or laws of the United States was violated, and (2) that the

4  violation was committed by a person acting under the color of state law.  See West v. Atkins, 487

5  U.S. 42, 48 (1988).

6        The complaint is deficient in several respects and the "affidavit" did not cure the many

7  deficiencies in the complaint.  Hawkins must file an amended complaint that takes into

8  consideration the following information.

9        First, the retaliation claim appears deficient.  An inmate suing his jailers under § 1983 for

10  retaliation must allege that he was retaliated against for exercising his constitutional rights and that

11  the retaliatory action did not advance legitimate penological goals, such as preserving institutional

12  order and discipline.  See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995); Barnett v. Centoni,

13  31 F.3d 813, 816 (9th Cir. 1994).  He also must allege that the defendants' actions caused him

14  some injury.  Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000) (holding that a retaliation claim

15  is not actionable unless there is an allegation of harm; the alleged harm may be a chilling effect

16  on the exercise of First Amendment rights).  The complaint appears to allege that retaliation was

17  threatened but does not allege that any retaliation actually occurred.  In some cases, the would-be

18  retaliatory action is so insignificant that it does not deter the exercise of First Amendment rights.

19  Minor acts such as "bad mouthing" and verbal threats sometimes cannot reasonably be expected

20  to deter protected speech and therefore do not violate a plaintiff's First Amendment rights.

21  See Coszalter v. City of Salem, 320 F. 3d 968, 975-76 (9th Cir. 2003).  Hawkins must amend the

22  claim to allege that he was subjected to retaliation if he wishes to pursue the claim.  If Hawkins

23  claims that the mere threat to retaliate was enough retaliation to chill his First Amendment rights,

24  he must so allege to attempt to show an injury to him.

25        Second, Hawkins has not identified who allegedly threatened to retaliate against him if he

26  continued to file grievances. In his amended complaint, Hawkins must identify the person who

27  allegedly threatened him.  If he does not know the name of the person, he may describe that person

28  by using a Doe defendant designation to refer to that defendant.  (If he alleges that multiple

United States District Court
For the Northern District of California

3

United States District Court

For the Northern District of California

1  unknown people violated his constitutional rights, each unknown person must be identified as a

2  separate John Doe, e.g., John Doe #1, John Doe #2, etc. so that eventually each John Doe

3  defendant can be replaced by a separate person when his or her true name becomes known.)

4  Although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the

5  initial review stage, using Doe defendants creates its own problem:  those persons cannot be

6  served with process in this action until they are identified by their real names.   Hawkins must

7  promptly take steps to discover the names of the unnamed defendants and provide that information

8  to the court in an amendment to his pleading no later than **January 6, 2006**; any unnamed or Doe

9  defendants whose true name and correct address have not been provided by that deadline will be

10 dismissed from this action.   The burden remains on the plaintiff; the court will not undertake to

11 investigate the names and identities of unnamed defendants and will not appoint an investigator to

12 aid the plaintiff.

13        Third, the requirement that Hawkins identify the allegedly responsible parties is not limited

14 to the retaliation claim.   For every claim, Hawkins must identify the defendants who he proposes

15 to hold liable on that claim and must allege what each person did or failed to do to cause a

16 violation of one or more of his constitutional rights.   A plaintiff cannot lump together a number

17 of unidentifiable persons as a group defendant.   Allegations that unidentified members of a jail's

18 staff acted inappropriately are insufficient to hold any particular person liable.   See Leer v.

19 Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant

20 under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally

21 protected right).

22        Fourth, it appears that Hawkins may be attempting to claim a violation of his constitutional

23 right of access to the courts.   See Lewis v. Casey, 518 U.S. 343, 350-51 (1996).   To establish a

24 claim for any violation of the right of access to the courts, the inmate must show that there was

25 an inadequacy in the jail's legal access program that caused him an actual injury.   See id. at 351.

26 To prove an actual injury, the inmate must show that the inadequacy hindered him in presenting a

27 non-frivolous claim concerning his conviction or conditions of confinement.   See id. at 355.

28 Examples of impermissible hindrances include: an inmate whose complaint was dismissed for

4

failure to satisfy some technical requirement which, because of deficiencies in the jail's legal assistance facilities, he could not have known; and an inmate who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the library that he was unable even to file a complaint. See id. at 351. Mere delay in filing papers would not be enough, for example, if they were nevertheless timely filed or accepted and considered by the court. See Hudson v. Robinson, 678 F.2d 462, 466 (3d Cir. 1982). Hawkins has not identified any actual injury as he must to state a claim for a violation of his constitutional right of access to the court.

Fifth, Hawkins' allegation that there was an interference with attorney-client communications suggests that the claim may relate a to criminal action pending against him. Hawkins is cautioned that this court will not interfere with a state criminal case pending against him. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-54 (1971); Samuels v. Mackell, 401 U.S. 66, 68-74 (1971). There are no extraordinary circumstances alleged here. Furthermore, to the extent any claim would call into question any conviction that he suffered (e.g., a claim that he was denied a fair trial because he could not communicate with his attorney), the claim likely could not proceed in a civil rights action under the Heck rule. The case of Heck v. Humphrey, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction unless that conviction already has been determined to be wrongful. See id. at 486-87. A conviction may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. See id. The Heck rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction -- would imply that the conviction was invalid. The practical importance of this rule is that plaintiffs cannot attack their convictions in a civil rights action for damages; the conviction must have been successfully attacked before the civil rights action for damages is filed. Hawkins' complaint is so poorly pled that the court cannot determine whether Heck actually bars any of his claims, but he should bear the Heck rule in mind as he prepares his amended complaint.

United States District Court
For the Northern District of California

Sixth, Hawkins is no longer at Marin County Jail and now is at San Mateo County Jail.  His requests for injunctive relief against the jailers in Marin therefore appear to be moot because he has been moved to another jail and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the jail conditions as to which he seeks injunctive relief.  See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995); Darring v. Kincheloe, 783 F.2d 874, 876-77 (9th Cir. 1986).

Seventh, Hawkins listed as a defendant a "chief of police," but did not identify the municipality in which the person was the police chief.  If he contends the police chief of some city or other municipality violated his rights, he has to identify the city or municipality for which the person works.  Service of process could not be done as to someone identified only as a "chief of police."

Eighth, pleading municipal liability must be done with great care and with attention to these rules.  A municipality can be a "person" subject to liability under § 1983 when its official policy or customs causes a constitutional tort, but a municipality has no vicarious liability for the unconstitutional acts of its employees under the theory of respondeat superior.  See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); see Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997) (to establish municipal liability based on an official policy or custom, plaintiff must show: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation).  A municipality also may be liable for constitutional violations from its failure to supervise, monitor or train, but only where that failure amounts to deliberate indifference to the rights of persons with whom the municipality's employees come into contact.  See Canton v. Harris, 489 U.S. 378, 388 (1989).

6

**United States District Court**
For the Northern District of California

B.     The "Affidavit"

As noted earlier, Hawkins filed a document called an "affidavit."  The caption of it suggests he wants discovery and appointment of counsel.  Neither request will be granted.

The court will not order any particular discovery.  The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses.  Discovery requests and responses normally are exchanged between the parties without any copy sent to the court, and the parties may agree to extensions of deadlines without need for a court order.  See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise).  Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process.  The court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements.  And to promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention.  See Fed. R. Civ. P. 37(a)(2)(B); N. D. Cal. Local Rule 37.  Hawkins' request that the court order defendants to produce all its files on plaintiff is premature.  He must serve a proper discovery request, receive no answer or an unsatisfactory answer to the request, and meet and confer with defense counsel before filing any motion to compel.  Because one of the parties is an inmate, the court does not require in-person meetings; rather, the inmate and defense counsel can meet and confer by telephone or exchange of letters, but must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute.

The "affidavit" also indicates that Hawkins wants the court to appoint counsel to represent Hawkins in this action.  A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See id.  Neither of these factors is

7

dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1).   Here, exceptional circumstances requiring the appointment of counsel are not evident.   Based on the record before it, the court is not able to determine that there is a likelihood of success on the merits and the complaint does not raise difficult legal claims. The request for appointment of counsel is denied.

### CONCLUSION

The complaint is DISMISSED with leave to amend.   The amended complaint must be filed no later than **November 11, 2005**.   The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.   Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings.   See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.")   Failure to file the amended complaint by the deadline will result in the dismissal of the action.

Hawkins is responsible for prosecuting this case.   He must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).   It is not sufficient for Hawkins to file a notice of change of address in another court: he must file a notice of change of address in this court and must file one in every pending case every time he is moved to a new institution.

Hawkins is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated:  October 6, 2005                                    _____
                                                                       SUSAN ILLSTON
                                                                   United States District Judge

1
2
3
4
5
6
7                         UNITED STATES DISTRICT COURT

8                      NORTHERN DISTRICT OF CALIFORNIA

9

10   HOMER E. HAWKINS,                        No. C 03-2360 SI (pr)

11              Plaintiff,                     **ORDER OF DISMISSAL WITH LEAVE
                                               TO AMEND**
12          v.

13   MARIN SHERIFF; et al.,

14              Defendants.
                                           /
15

16                            **INTRODUCTION**

17          Homer E. Hawkins, currently in custody at the San Mateo County Jail, filed this  pro se civil

18   rights action under 42 U.S.C. § 1983 in 2003, concerning events in 2002 and 2003 while he was

19   in custody at the Marin County Jail.   After determining that Hawkins had three prior qualifying

20   dismissals and could not proceed in forma pauperis, the court dismissed the action without

21   prejudice to Hawkins filing an action for which he paid the full filing fee at the time he filed his

22   complaint.   Hawkins appealed.   The Ninth Circuit reversed the dismissal because the court had

23   counted as a prior dismissal the dismissal of a habeas action filed by Hawkins which was not

24   allowed under Andrews v. King, 398 F.3d 1113 (9th Cir. 2005), a case decided more than a year

25   after this court's dismissal order was issued.   The case file was returned from the Ninth Circuit

26   last week, and it is now time to resume the case where it stopped, i.e., at the initial review stage.

27   The complaint is now before the court for initial review under 28 U.S.C. § 1915A.

28                            **BACKGROUND**

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1        Hawkins' complaint in this action was very poorly written.  He listed the primary defendant

2   as "don't know"  and the additional defendants as "none," although on the cover page he listed the

3   defendants as the Marin Sheriff, chief of police, jail commander, and "the officer's employees".

4   See Complaint, pp. 1, 3.  Hawkins alleged in his complaint that a county officer was "doing thing's"

5   and a "count officer threaten to do more because I have been fileing  'grievances.'" Complaint, p.

6   3 (spelling and grammatical errors in source).  Hawkins further alleged that he had filed numerous

7   grievances about his legal materials being opened, thrown around his cell and disappearing.

8   Hawkins further alleged that he had been threatened that the problems would continue if he did not

9   stop writing grievances.  He further alleged that his mail (that might have been legal mail) was

10  returned because he was indigent.  He requested this court to order officials at the jail to stop

11  violating his rights.

12       A few weeks after he filed his complaint, Hawkins filed a document entitled "Affidavit in

13  support of motion to proceed in forma pauperis and for appointment of counsel/attorney: to amend

14  (civil action/lawsuit): an order compelling discovery: request for production of documents."

15  (Docket # 4.)  The "affidavit" appears to be, among other things, an attempt to add new defendants

16  to the action and add claims for violation of privacy rights and the attorney/client privilege based

17  on monitoring of conversations between attorneys and clients, although it is not pled that Hawkins

18  ever was subjected to any such monitoring.

19

20  **DISCUSSION**

21  A.     Review Of Complaint

22       A federal court must engage in a preliminary screening of any case in which a prisoner

23  seeks redress from a governmental entity or officer or employee of a governmental entity.   See

24  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss

25  any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,

26  or seek monetary relief from a defendant who is immune from such relief.   See id. at

27  1915A(b)(1),(2).  Pro se pleadings must be liberally construed.   See Balistreri v. Pacifica Police

28

United States District Court
For the Northern District of California

1   Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

2          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:   (1) that a
3   right secured by the Constitution or laws of the United States was violated, and (2) that the
4   violation was committed by a person acting under the color of state law.   See West v. Atkins, 487
5   U.S. 42, 48 (1988).

6          The complaint is deficient in several respects and the "affidavit" did not cure the many
7   deficiencies in the complaint.   Hawkins must file an amended complaint that takes into
8   consideration the following information.

9          First, the retaliation claim appears deficient.   An inmate suing his jailers under § 1983 for
10   retaliation must allege that he was retaliated against for exercising his constitutional rights and that
11   the retaliatory action did not advance legitimate penological goals, such as preserving institutional
12   order and discipline.   See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995); Barnett v. Centoni,
13   31 F.3d 813, 816 (9th Cir. 1994).   He also must allege that the defendants' actions caused him
14   some injury.   Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000) (holding that a retaliation claim
15   is not actionable unless there is an allegation of harm; the alleged harm may be a chilling effect
16   on the exercise of First Amendment rights).   The complaint appears to allege that retaliation was
17   threatened but does not allege that any retaliation actually occurred.   In some cases, the would-be
18   retaliatory action is so insignificant that it does not deter the exercise of First Amendment rights.
19   Minor acts such as "bad mouthing" and verbal threats sometimes cannot reasonably be expected
20   to deter protected speech and therefore do not violate a plaintiff's First Amendment rights.
21   See Coszalter v. City of Salem, 320 F. 3d 968, 975-76 (9th Cir. 2003).   Hawkins must amend the
22   claim to allege that he was subjected to retaliation if he wishes to pursue the claim.   If Hawkins
23   claims that the mere threat to retaliate was enough retaliation to chill his First Amendment rights,
24   he must so allege to attempt to show an injury to him.

25          Second, Hawkins has not identified who allegedly threatened to retaliate against him if he
26   continued to file grievances. In his amended complaint, Hawkins must identify the person who
27   allegedly threatened him.   If he does not know the name of the person, he may describe that person
28   by using a Doe defendant designation to refer to that defendant.   (If he alleges that multiple

United States District Court

For the Northern District of California

unknown people violated his constitutional rights, each unknown person must be identified as a separate John Doe, e.g., John Doe #1, John Doe #2, etc. so that eventually each John Doe defendant can be replaced by a separate person when his or her true name becomes known.) Although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. Hawkins must promptly take steps to discover the names of the unnamed defendants and provide that information to the court in an amendment to his pleading no later than **January 6, 2006**; any unnamed or Doe defendants whose true name and correct address have not been provided by that deadline will be dismissed from this action. The burden remains on the plaintiff; the court will not undertake to investigate the names and identities of unnamed defendants and will not appoint an investigator to aid the plaintiff.

Third, the requirement that Hawkins identify the allegedly responsible parties is not limited to the retaliation claim. For every claim, Hawkins must identify the defendants who he proposes to hold liable on that claim and must allege what each person did or failed to do to cause a violation of one or more of his constitutional rights. A plaintiff cannot lump together a number of unidentifiable persons as a group defendant. Allegations that unidentified members of a jail's staff acted inappropriately are insufficient to hold any particular person liable. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

Fourth, it appears that Hawkins may be attempting to claim a violation of his constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). To establish a claim for any violation of the right of access to the courts, the inmate must show that there was an inadequacy in the jail's legal access program that caused him an actual injury. See id. at 351. To prove an actual injury, the inmate must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 355. Examples of impermissible hindrances include: an inmate whose complaint was dismissed for

4

failure to satisfy some technical requirement which, because of deficiencies in the jail's legal assistance facilities, he could not have known; and an inmate who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the library that he was unable even to file a complaint.  See id. at 351.  Mere delay in filing papers would not be enough, for example, if they were nevertheless timely filed or accepted and considered by the court.  See Hudson v. Robinson, 678 F.2d 462, 466 (3d Cir. 1982).  Hawkins has not identified any actual injury as he must to state a claim for a violation of his constitutional right of access to the court.

Fifth, Hawkins' allegation that there was an interference with attorney-client communications suggests that the claim may relate a to criminal action pending against him. Hawkins is cautioned that this court will not interfere with a state criminal case pending against him.  Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances.  See Younger v. Harris, 401 U.S. 37, 43-54 (1971); Samuels v. Mackell, 401 U.S. 66, 68-74 (1971).  There are no extraordinary circumstances alleged here.  Furthermore,  to the extent any claim would call into question any conviction that he suffered (e.g., a claim that he was denied a fair trial because he could not communicate with his attorney), the claim likely could not proceed in a civil rights action under the Heck rule. The case of Heck v. Humphrey, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction unless that conviction already has been determined to be wrongful.  See id. at 486-87.  A conviction may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus.  See id. The Heck rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction -- would imply that the conviction was invalid.  The practical importance of this rule is that plaintiffs cannot attack their convictions in a civil rights action for damages; the conviction must have been successfully attacked before the civil rights action for damages is filed.  Hawkins' complaint is so poorly pled that the court cannot determine whether Heck actually bars any of his claims, but he should bear the Heck rule in mind as he prepares his amended complaint.

United States District Court
For the Northern District of California

Sixth, Hawkins is no longer at Marin County Jail and now is at San Mateo County Jail.  His requests for injunctive relief against the jailers in Marin therefore appear to be moot because he has been moved to another jail and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the jail conditions as to which he seeks injunctive relief.  See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995); Darring v. Kincheloe, 783 F.2d 874, 876-77 (9th Cir. 1986).

Seventh, Hawkins listed as a defendant a "chief of police," but did not identify the municipality in which the person was the police chief.  If he contends the police chief of some city or other municipality violated his rights, he has to identify the city or municipality for which the person works.  Service of process could not be done as to someone identified only as a "chief of police."

Eighth, pleading municipal liability must be done with great care and with attention to these rules.  A municipality can be a "person" subject to liability under § 1983 when its official policy or customs causes a constitutional tort, but a municipality has no vicarious liability for the unconstitutional acts of its employees under the theory of respondeat superior.  See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); see Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997) (to establish municipal liability based on an official policy or custom, plaintiff must show: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation).  A municipality also may be liable for constitutional violations from its failure to supervise, monitor or train, but only where that failure amounts to deliberate indifference to the rights of persons with whom the municipality's employees come into contact.  See Canton v. Harris, 489 U.S. 378, 388 (1989).

B.      The "Affidavit"

As noted earlier, Hawkins filed a document called an "affidavit."  The caption of it suggests he wants discovery and appointment of counsel.  Neither request will be granted.

The court will not order any particular discovery.  The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses.  Discovery requests and responses normally are exchanged between the parties without any copy sent to the court, and the parties may agree to extensions of deadlines without need for a court order.  See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise).  Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process. The court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements.  And to promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention.  See Fed. R. Civ. P. 37(a)(2)(B); N. D. Cal. Local Rule 37.  Hawkins' request that the court order defendants to produce all its files on plaintiff is premature.  He must serve a proper discovery request, receive no answer or an unsatisfactory answer to the request, and meet and confer with defense counsel before filing any motion to compel.  Because one of the parties is an inmate, the court does not require in-person meetings; rather, the inmate and defense counsel can meet and confer by telephone or exchange of letters, but must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute.

The "affidavit" also indicates that Hawkins wants the court to appoint counsel to represent Hawkins in this action.  A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See id.  Neither of these factors is

dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1).  Here, exceptional circumstances requiring the appointment of counsel are not evident.  Based on the record before it, the court is not able to determine that there is a likelihood of success on the merits and the complaint does not raise difficult legal claims. The request for appointment of counsel is denied.

## CONCLUSION

The complaint is DISMISSED with leave to amend.  The amended complaint must be filed no later than **November 11, 2005**.  The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings.  See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.")  Failure to file the amended complaint by the deadline will result in the dismissal of the action.

Hawkins is responsible for prosecuting this case.  He must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  It is not sufficient for Hawkins to file a notice of change of address in another court: he must file a notice of change of address in this court and must file one in every pending case every time he is moved to a new institution.

Hawkins is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated:  October 6, 2005

_____
SUSAN ILLSTON
United States District Judge