UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER E. HAWKINS, | No. C 03-2360 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| MARIN SHERIFF; et al., | |
| Defendants. | |

Homer E. Hawkins, currently in custody at San Quentin State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983 concerning events in 2002 and 2003 while he was in custody at the Marin County Jail. On October 6, 2005, the court dismissed the complaint with leave to file an amended complaint by November 11, 2005. Hawkins filed a document entitled "leave to amended complaint, civil local rules (10-1), custody and disposition of exhibits and transcripts, civil local rules (79-4)" on October 19, 2006. (Docket # 22.) That document consisted of three pages of recitations about the local rules and Federal Rules of Civil Procedure but did not contain any allegations that could possibly be construed as a claim for relief. That document was not the amended complaint ordered to be filed. Hawkins filed another document entitled "leave to amended complaint, civil local rules (10-7), the violation was committed by person's acting under the color of state law: 42 U.S.C. § 1983" on December 20, 2005. (Docket # 23.) Even though it was filed after the deadline, that document presumably is his amended complaint. The amended complaint (Docket # 23)

is now before the court for review under 28 U.S.C. § 1915A.

The amended complaint is 10 pages long, almost all of which are recitations of legal principles from cases or miscellaneous statements of law. The only parts that specific to Hawkins are at pages 2-3 and 9. At pages 2-3, Hawkins alleges that he submitted numerous grievances, that somebody he could not see made threatening remarks, that unidentified officials monitored communications between attorneys and clients in the jail, and that someone opened mail between June 2002 and June 2004, that Hawkins was escorted by officials to another part of the jail when he complained, and that "some" of his legal mail disappear[ed] out of his cell. Id. at 2-3. At page 9, Hawkins alleges that he was threatened with loss of his law library privileges and other privileges by unidentified persons when he tried to submit grievances, that somebody didn't respond to his grievances, that he submitted interrogatories to a city asking for the identification of all grievances and officers but the city did not respond, that he was threatened with restrictions on his access to the law library in retaliation for the use of the grievance system, and that he had inadequate access to civil counsel.

When the court dismissed the complaint with leave to amend, it provided very explicit instructions about various problems in the complaint that had to be addressed in the amended complaint. The amended complaint failed to cure several of the problems identified in the order of dismissal with leave to amend.

The most glaring problem is that the amended complaint fails to link any defendant by name to any particular claim. The court had cautioned Hawkins that, for each claim, he had to "identify the defendants who he proposes to hold liable on that claim and must allege what each person did or failed to do to cause a violation of one or more of his constitutional rights. A plaintiff cannot lump together a number of unidentifiable persons as a group defendant. Allegations that unidentified members of a jail's staff acted inappropriately are insufficient to hold any particular person liable." See Order Of Dismissal With Leave To Amend, p. 4. The

2

court also explained how to use Doe defendants could be used and identified the potential bases of municipal liability. <u>See</u> <u>id.</u> at 3-4, 6. Hawkins fails to identify any particular wrongdoer, fails to use Doe defendant designations for persons whose identities he did not know, and fails to allege an adequate basis for municipal liability.

The amended complaint also fails to state a claim for relief for retaliation in that no injury or chilling effect is alleged. The court had cautioned Hawkins that he needed to include such an allegation. <u>See</u> Order Of Dismissal With Leave To Amend, p. 3.

The amended complaint also fails to state a claim for relief for denial of access to the courts in that no "actual injury" is alleged. The court had cautioned Hawkins that he needed to include such an allegation. <u>See</u> Order Of Dismissal With Leave To Amend, pp. 4-5.

The amended complaint also fails to state a claim for relief for any interference with an attorney-client relationship because Hawkins' allegations are generalized and do not indicate that any communication he ever had with an attorney was monitored. Hawkins has no standing to complain about problems that other inmates encountered and may only assert claims for relief based on injuries to himself.

For the foregoing reasons, the amended complaint is dismissed for failure to state a claim upon which relief may be granted. Leave to amend will not be granted because it would be futile: the court already gave Hawkins explicit directions about curing the particular deficiencies identified in this order and he failed to cure them. The clerk shall close the file.

IT IS SO ORDERED.

Dated: August 2, 2006

_____
SUSAN ILLSTON
United States District Judge

3